PLAZA INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6159.    Promulgated December 26, 1945.

*David Schnitzer, C. P. A.,* for the petitioner.
*Scott A. Dahlquist, Esq.,* for the respondent.

### OPINION.

LEECH, *Judge*: This proceeding involves excess profits tax deficiencies for the years 1941 and 1942 in the respective amounts of $357.35 and $2,826.44. The issues are: (1) Whether petitioner, in the year 1942, is entitled to deduct the unamortized balance of leasing commissions upon its dissolution and distribution of all its assets in kind to its stockholders in that year, and (2) whether petitioner is entitled to deduct an amount paid to its lessee as partial reimburse-

ment of the cost of installing an air-conditioning unit. All the facts have been stipulated and are so found. The pertinent facts are as follows:

The petitioner was a corporation organized on November 22, 1938, under the laws of the State of New Jersey. Its principal place of business was at 40 Journal Square, Jersey City, New Jersey, but its books and records were maintained at the office of its president, Simon H. Kugel, 521 Fifth Avenue, New York, New York. Federal income tax and excess profits tax returns of the petitioner for the calendar years 1941 and 1942 were filed with the collector of internal revenue, Newark, New Jersey. The books of the petitioner were kept and its returns were filed on the basis of cash receipts and disbursements.

Petitioner was the owner in fee of premises known as 2863-75 Hudson Boulevard, Jersey City, New Jersey. The property consists of stores only.

On May 11, 1939, one of the stores was leased to the Bond Clothing Stores, Inc., for a term of 10 years. In connection with this lease, the petitioner paid to a real estate broker who secured the tenant a commission in the amount of $3,070.83. This payment was capitalized on the books of the corporation as a "Prepaid Expense" and was being amortized over the life of the lease (10 years).

On January 1, 1942, the unamortized balance of this renting commission amounted to $2,260.48, as follows:

| | | |
|---|---:|---:|
| Total payment on May 11, 1939 | | $3,070.83 |
| Deducted as expense: | | |
| In 1939 | $196.19 | |
| In 1940 | 307.08 | |
| In 1941 | 307.08 | |
| | | 810.35 |
| Unamortized balance Jan. 1, 1942 | | 2,260.48 |

In 1942 one of the tenants then in the premises rented additional space and, accordingly, a new lease was entered into for an extended term, beginning on January 1, 1943, and ending on April 30, 1947. In 1942 petitioner paid a commission on this transaction. The broker had obtained the tenant originally and was entitled to a commission on any additional rentals obtained. The amount of the commission thus paid, applicable to the period from January 1, 1943, to April 30, 1947, was $1,233.56.

Petitioner was dissolved by application to the Secretary of State of New Jersey, and it was completely liquidated on December 31, 1942, by a transfer of its assets on that date to its stockholders as a liquidating dividend in kind.

On its returns for 1942 petitioner deducted as a business expense the unamortized balance of the brokerage commissions, totaling $3,-

494.04 ($2,260.48 plus $1,233.56). In the deficiency notice the Commissioner disallowed $3,186.96 of this amount as a deduction for 1942, allowing only the sum of $307.08 representing amortization applicable to 1942.

In 1941 petitioner paid to its tenant, Bond Clothing Stores, Inc., the sum of $350 in partial reimbursement against the sum of $715 paid by Bond Clothing Stores, Inc., to Arvon Engineering Co. for an air-conditioning unit in the premises occupied by said tenant. On its returns for 1941 petitioner claimed this expenditure of $350 as a business expense deduction. In the deficiency notice the Commissioner disallowed the deduction and allowed in lieu thereof a deduction of $50 for depreciation on the air-conditioning unit for 1941 and 1942.

The issue involved in the taxable year 1942 is whether the unamortized balance of a brokerage fee for securing a long term lease of certain of petitioner's real estate is deductible in that year when it dissolved and distributed all its assets to its stockholders. Petitioner contends that a renting commission is an ordinary and necessary business expenditure to be amortized over the life of the lease; that it is not an asset which can be sold, exchanged, or realized upon in any manner. We think it is settled that an expenditure to acquire an asset which is expected to be income-producing over a period of years is a capital expenditure and not within the term "ordinary and necessary business expense." *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381; *Tonningsen* v. *Commissioner*, 61 Fed. (2d) 199; *Spinks Realty Co.* v. *Burnet*, 62 Fed. (2d) 860; *Helvering* v. *Manhattan Life Insurance Co.*, 71 Fed. (2d) 292. Petitioner further argues that since petitioner was dissolved as of December 31, 1942, it could no longer amortize the balance of the expenditure and it should be allowed to deduct the unamortized balance either as an ordinary expense or, in the alternative, as a loss incurred in that year. Petitioner contends the situation here is similar to that existing in the case of *S. & L. Building Corporation*, 19 B. T. A. 788. We there held that the taxpayer was entitled to deduct the unamortized balance of an expenditure made to procure a mortgage on certain of its real estate which was sold and the mortgage assumed by the purchaser of the property. We do not think the facts are analogous to those here involved. Clearly, the taxpayer, in paying a fee to secure a mortgage, acquired no capital asset. No value was added to the property. The payment was not an expenditure to acquire an income-producing asset, but an expense in connection with the creation of a liability. The dissolution of petitioner did not terminate the lease. The benefit from the expenditure will continue until the expiration of the term of the lease. The liquidation of petitioner by a transfer of all its assets in kind constituted a

nontaxable transaction.[1]  The respondent relies upon *Post* v. *Commissioner*, 109 Fcd. (2d) 135, which affirmed a memorandum opinion of this Court.  We think the facts in the instant case so closely parallel the facts there that we should, and do, regard it as authoritative.  The respondent's determination upon this issue is approved.

The final issue relates to the disallowance of a deduction for the sum of $350 paid by petitioner to its tenant in partial reimbursement against a sum of $715 expended by the tenant for an air-conditioning unit in the premises of petitioner occupied by said tenant.

In his deficiency notice the respondent explained the disallowance as follows:

(a) It is held that the amount paid by you in 1941 to your lessee in reimbursement for part of the cost incurred by the lessee in installing an air conditioning unit in the premises owned by you does not constitute an expense but is a capital expenditure.

(b) Depreciation in respect of the aforementioned expenditure is allowed in the amount of $50.00 for each of the taxable years 1941 and 1942.

Respondent thus disallowed the entire disputed deduction as an expense, but allowed the deduction of a lesser amount as depreciation on a capital asset.  The factual premise upon which this determination rests was that the installation of the air-conditioning unit constituted an improvement and was within the purview of a capital asset.  Petitioner had the burden of disproving this fact.  Otherwise, we think that the evidence, all of which was stipulated, does not support that burden.  Accordingly, the determination of respondent is affirmed.

*Decision will be entered under Rule 50.*

---

[1] Regulations 111, section 29.22 (a)–20, applicable to years after December 31, 1941, reads in part as follows:

"No gain or loss is realized by a corporation from the mere distribution of its assets in kind in partial or complete liquidation, however they may have appreciated or depreciated in value since their acquisition."