*Decision will be entered under Rule 50.*

LONGVIEW HILTON HOTEL COMPANY, BY S. A. ELLISON, JAMES B. HERNDON, JR., AND JOHN M. BROWN AS TRUSTEES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12511.   Promulgated August 14, 1947.

*Wright Matthews, Esq.*, for the petitioner.
*Allen T. Akin, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: Both parties are agreed that it was proper for petitioner to amortize the brokerage fees and commissions paid for services in securing the mortgage loan of $167,000. This practice appears to be in accord with a long established rule. It was early held that bond discount was in the nature of interest expense accruing ratably during the term for the use of borrowed money and should therefore be amortized and deducted proportionately over the life of the bonds. *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988, 1031; *United States Playing Card Co.*, 15 B. T. A. 975. And it was also held that commissions and expenses incurred in issuing bonds or obtaining loans were sufficiently analogous to discount to be amortized in like manner. *Chicago, Rock Island & Pacific Railway Co.*, *supra*, at 1035; S. M. 3691, IV-1 C. B. 145.

The sole issue here is whether in the year of its dissolution—the taxable year before us—petitioner is entitled to deduct the remaining unamortized portion of its brokerage expense. In support of the position that it is, petitioner relies upon *S. & L. Building Corporation*, 19 B. T. A. 788. That case held that a taxpayer who paid fees and commissions in obtaining a mortgage loan was entitled to deduct the unamortized part of such fees and commissions in the year it sold the mortgaged property and the purchaser assumed the mortgage. It was said that the fees and commissions represented cost of the use of borrowed money and not part of the cost of the mortgaged property. *Metropolitan Properties Corporation*, 24 B. T. A. 220, is a decision to the same effect with respect to deduction of unamortized bond discount in the year of sale of the mortgaged property, subject to the mortgage.

We think the present case comes within the rationale of the *S. & L. Building Corporation* case. No valid distinction is to be taken merely because the mortgaged property was sold in that case and in this case it was distributed to the stockholders in liquidation. In either case the effect is the same; that is to say, the taxpayer, "having shifted the burden of his mortgage to other shoulders, stands in the same situation as if he had paid it off and therefore should be allowed to deduct the remaining portion of his unamortized mortgage fees." In many respects it is like the purchase and retirement before maturity of bonds issued at a discount, in which event the unamortized discount is deductible as an expense of the taxable year. Regulations 111, sec. 29.22 (a)-17 (3).

*Plaza Investment Co.*, 5 T. C. 1295, cited by the respondent, is not contrary to our conclusion herein. The item involved in that case was the unamortized portion of fees paid to brokers for securing a long term lease of certain of the taxpayer's real estate. Such an expenditure to acquire an income-producing asset became a part of the

cost basis of the asset itself. The essential distinction between that type of expenditure and the one involved here and in the *S. & L. Building Corporation* case was pointed out in the following language:

\* \* \* Petitioner contends the situation here is similar to that existing in the case of *S. & L. Building Corporation*, 19 B. T. A. 788. We there held that the taxpayer was entitled to deduct the unamortized balance of an expenditure made to procure a mortgage on certain of its real estate which was sold and the mortgage assumed by the purchaser of the property. We do not think the facts are analogous to those here involved. Clearly, the taxpayer, in paying a fee to secure a mortgage, acquired no capital asset. No value was added to the property. The payment was not an expenditure to acquire an income-producing asset, but an expense in connection with the creation of a liability.

Here the real question is not whether petitioner sustained a loss upon the distribution of its assets to its stockholders, because the brokerage fees did not form a part of its cost basis on any of the property distributed. *S. & L. Building Corporation, supra; East Ninth Euclid Co.*, 26 B. T. A. 32. They were a separate and distinct item representing cost of the use of money borrowed rather than cost of property. The only significance of the dissolution and liquidation is that it marked the close of the period during which petitioner had the use of the borrowed money.

We hold that petitioner was entitled to deduct the unamortized portion of the brokerage fees in the taxable year.

*Decision will be entered for the petitioner.*